UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROBERT FELIX-ARACENA,
   a/k/a "Robert Aracena,"
   a/k/a "Chino,"
CHRISTIAN CRUZ,
   a/k/a "Colombia," and
ANDRES CAICEDO,

              *Defendants.*

**Protective Order**

**S2 21 Cr. 21 (GBD)**

---

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the above-referenced defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and/or (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," may contain information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction,

and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. Any such material will be stamped or otherwise clearly marked "SENSITIVE" by the Government.

3. **Attorney's Eyes Only Material.** With respect to certain sensitive disclosure material, referred to herein as "attorney's eyes only material," these same concerns present for all sensitive disclosure material are particularly acute. Any such material will be stamped or otherwise clearly marked "ATTORNEY'S EYES ONLY" or "AEO" by the Government.

4. The Government's designation of disclosure material as sensitive disclosure material or attorney's eyes only material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material that is not sensitive disclosure material or attorney's eyes only material may be disclosed by counsel to: the defendant; personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; prospective witnesses for purposes of defending this action.

7. Sensitive disclosure material must be maintained solely in the possession of defense counsel and personnel for whom defense counsel is directly responsible (*i.e.*, employed by or retained by counsel). Sensitive material that is not attorney's eyes only material may be reviewed by the defendants only in the presence of counsel, and the defendants may not retain or possess sensitive disclosure material.

8. Attorney's eyes only material may not be shared with any other persons, including the defendants, aside from personnel for whom defense counsel is directly responsible (*i.e.*, employed by or retained by counsel).

9. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

11. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to

3

any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

14. This Order supersedes and replaces any other protective orders entered into by the parties in this matter, including the protective order signed by the Court on September 19, 2022 (ECF No. 88).

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ _____     Date: 11/23/2022
Jonathan L. Bodansky
Assistant United States Attorney

_____     Date: 11/28/22
David Touger
Counsel for Defendant Robert Felix-Aracena

_____     Date: _____
Richard Harris Rosenberg
Counsel for Defendant Christian Cruz

_____     Date: _____
Joshua D. Kirshner
Counsel for Defendant Andres Caicedo

SO ORDERED:

Dated: New York, New York
       November ___, 2022

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ _____   Date: 11/23/2022
Jonathan L. Bodansky
Assistant United States Attorney


_____   Date: _____
David Touger
Counsel for Defendant Robert Felix-Aracena

_____   Date: 11/28/2022
Richard Harris Rosenberg
Counsel for Defendant Christian Cruz


_____   Date: _____
Joshua D. Kirshner
Counsel for Defendant Andres Caicedo


SO ORDERED:

Dated: New York, New York
       November 30, 2022

_____
HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

5

## Retention of Jurisdiction

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/                                         Date: 11/23/2022
Jonathan L. Bodansky
Assistant United States Attorney


_____    Date: _____
David Touger
Counsel for Defendant Robert Felix-Aracena


_____    Date: _____
Richard Harris Rosenberg
Counsel for Defendant Christian Cruz


/s/                                             Date: 11/29/22
Joshua D. Kirshner
Counsel for Defendant Andres Caicedo


SO ORDERED:

Dated: New York, New York
       November 30, 2022

                                        _____
                                        HONORABLE GEORGE B. DANIELS
                                        UNITED STATES DISTRICT JUDGE

5